UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HECTOR AVILA,<br><br>  Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>  Respondent. | Case No. 1:11-cv-00474-CWD<br><br>**INITIAL REVIEW ORDER** |

Idaho state prisoner Hector Avila has lodged a Petition for Writ of Habeas Corpus with this Court. The Court is required to screen the Petition to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

## BACKGROUND

After a jury trial in 2004, Petitioner was convicted of one count of attempted murder and one count of unlawful possession of a firearm. (Petition, Dkt. 1, p. 1.) The trial court sentenced him to life in prison, with 15 years fixed, on the attempted murder charge and to life in prison, with five years fixed, on the firearm charge. (*Id*.) The Idaho Court of Appeals affirmed the judgment on direct appeal, *see State v. Avila*, 153 P.3d

**INITIAL REVIEW ORDER - 1**

1195, 1201 (Idaho Ct. App. 2006), and it is unclear whether Petitioner filed a petition for review.

On March 7, 2008, Petitioner submitted an application for post-conviction relief in state district court, alleging that his trial counsel had been ineffective and that he now had "newly discovered evidence" supporting his innocence. (Dkt. 1, p. 3.)[1] The state court denied relief, and the Idaho Supreme Court dismissed Petitioner's appeal and issued its remittitur on December 10, 2010. (*Id.*)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court. In his Petition, he claims that he "wasn't given the opportunity to introduce newly discovered evidence in [his] case," (2) that his lawyer "dropped" his case without notice, and (3) that he "wasn't properly represented by a lawyer" and was misled to believe that "all evidence would be introduced or that all witnesses would be called to testify." (Dkt. p. 3.) It is not clear when in the state process these errors allegedly occurred, and Petitioner lists the federal ground for relief as to each of his claims as "unknown." (*Id.*)

## REVIEW OF THE PETITION

Federal courts may entertain applications for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] To the extent that Petitioner has not provided aspects of the history of the post-conviction matter, the Court takes judicial notice of the register of actions at www.id.courts.us/repository.

**INITIAL REVIEW ORDER - 2**

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition must "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition in this case does not comply with this Rule and fails to contain sufficient information for the Court to complete its initial review responsibilities. Petitioner's claims are instead conclusory and lacking in enough factual specificity for the Court to determine whether he has stated cognizable claims. For example, although Petitioner alleges that he was not properly represented by counsel and the he was prevented from offering "newly discovered evidence," he does not indicate at what point in the process these errors allegedly occurred. (Dkt. 1, p. 2.) Petitioner has also not explained the nature of the newly discovered evidence or the manner in which his counsel failed to represent him properly. To the extent that Petitioner is alleging errors solely in the state post-conviction process rather than during the criminal trial or direct appeal, which is unclear, such claims would not be reviewable in a federal habeas matter. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

Before this case is dismissed, the Court will give Petitioner an opportunity to cure these deficiencies by filing an amended petition. To assist Petitioner, the Court will order the Clerk to forward to him a copy of the Prisoner Self-Help Packet. Petitioner should review the packet carefully before submitting his amended petition.

**INITIAL REVIEW ORDER - 3**

# ORDER

**IT IS ORDERED:**

1. No later than 30 days from the date of this Order, Petitioner shall file an amended petition to correct the deficiencies noted herein. Petitioner's failure to do so may result in dismissal of this action without further notice.

2. The Clerk of Court shall forward to Petitioner a Prisoner Self-Help Packet for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. 2254.

DATED: February 13, 2012

Honorable Candy W. Dale
United States Magistrate Judge